IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPINE CARE DELAWARE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, Defendant Nationwide Mutual Insurance Company ("Nationwide"), by and through their undersigned attorneys, give Notice of the Removal of this action from the Superior Court of the State of Delaware, in and for New Castle County. Defendant set forth the grounds for Removal as follows:

1. This action was commenced by Plaintiff in the Superior Court of the State of Delaware, in and for New Castle County, by the filing of their Complaint on January 18, 2006. A copy of the Complaint is attached hereto as Exhibit "A".

2. This Notice of Removal is timely because it is being filed within thirty (30) days of the receipt of service of process by Defendant. See Exhibit "B" attached hereto.

3. The Complaint is the "initial pleading setting forth the claims for relief upon which the action is based" for purposes of 28 U.S.C. §1445(b).

4. The basis for the subject matter jurisdiction of this Court is apparent on the face of the Complaint, which states that Plaintiff is a corporation of the State of Delaware.

5. The Defendant is not incorporated in Delaware, nor does it maintain a principal place of business or residence in Delaware. Defendant Nationwide Mutual Insurance

Company is a business entity with its principle place of business located in the State of Ohio and incorporated in the State of Ohio.

6. Upon information and belief, the amount in controversy in this action exceeds $75,000, exclusive of interests and cots, although Defendant denies liability for any amount.

7. Defendant, Nationwide Mutual Insurance Company, by and through its principal, consents to Federal Court Jurisdiction.

8. Accordingly, this is an action "between citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," for purposes of 28 U.S.C. §1441(a).

9. Defendants expressly reserve the right to raise all defenses and objections in this action after it is removed to this Court, including but not limited to the defense of lack of *in personam* jurisdiction and lack of service of process.

10. Notice of the filing of the Notice of Removal of this action from the Superior Court of the State of Delaware, in and for New Castle County to the United States District Court for the District of Delaware to all adverse parties will be promptly given.

11. Promptly after filing this Notice of Removal, a certified copy will be filed with the Prothonotary for the Superior Court of the State of Delaware, in and for New Castle County, in accordance with 28 U.S.C. §1446(d).

**WHEREFORE**, Defendant request this action be removed from the Superior Court of the State of Delaware, in and for New Castle County to the United States District Court of the State of Delaware.

*MORGAN SHELSBY & LEONI*

/s/ Robert J. Leoni
_____
ROBERT J. LEONI
Rleoni@mslde.com
221 Main Street
Stanton, Delaware 19804
(302) 995-6210
Attorney for Defendant,
Nationwide Mutual Insurance Company

**DATE:** March 13, 2006

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE _x_   KENT ___   *FILED PROTHONOTARY 2006 JAN -8 PM 4:40*   Civil Action Number: 06C-01-177 JEB
Civil Case Code: CDEJ   Civil Case Type: Declaratory Judgment

(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

| Caption: | Name and Status of Party filing document: |
|---|---|
| SPINE CARE DELAWARE, LLC | Spine Care Delaware, LLC, Plaintiff |
| Plaintiff, | Document Type: (e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| v. | Complaint |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | Non-Arbitration __X__   eFile ____ |
| Defendant. | (CERTIFICATE OF VALUE MAY BE REQUIRED) |
|  | Arbitration ___ Mediation ___ Neutral Assessment ___ |
|  | DEFENDANT (CHECK ONE)   ACCEPT ___ REJECT ___ |
|  | JURY DEMAND   YES _X_   NO ___ |
|  | TRACK ASSIGNMENT REQUESTED (CHECK ONE): |
|  | EXPEDITED ___   STANDARD _X_   COMPLEX ___ |

*Stamp: FILED MODIFIED INCORRECTLY/MAILED/REFILED*

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| John S. Spadaro |  |
| ATTORNEY ID(S): | *Mark Manniso and Spine Care Delaware v. State Farm Mutual Automobile Insurance Company*, C.A. No. 04C-04-264JEB (Del. Super. Ct.) |
| 3155 |  |
| FIRM NAME: |  |
| Murphy Spadaro & Landon | EXPLAIN THE RELATIONSHIP(S): *Manniso* and this case involve the identical issue of PIP coverage for Spine Care Delaware's facility fee charges. |
| ADDRESS: |  |
| 1011 Centre Road, Suite 210 | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| Wilmington, DE 19805 |  |
| TELEPHONE NUMBER: |  |
| (302) 472-8100 |  |
| FAX NUMBER: | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.) |
| (302) 472-8135 |  |
| E-MAIL ADDRESS: |  |
| jspadaro@msllaw.com |  |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
## INSTRUCTIONS

### CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement.

| APPEALS | MISCELLANEOUS |
|---|---|
| AADM - Administrative Agency | MAAT - Appointment of Attorney |
| ACCP - Court of Common Pleas | MAFF - Application for Forfeiture |
| ACER - Certiorari | MCED - Cease and Desist Order |
| AFAM - Family Court | MCRO - Complaint Requesting Order |
| AIAB - Industrial Accident Board | MCTO - Consent Order |
| APSC - Public Service Commission | MHAC - Habeas Corpus |
| AUIB - Unemployment Insurance Appeal Board | MIND - Destruction of Indicia of Arrest |
| **COMPLAINTS** | MISS - Issuance of Subpoena/Material Witness |
| CAAA - Auto Arb Appeal * | MMAN - Mandamus |
| CASB - Asbestos | MOUT - Out of State Deposition |
| CATT - Foreign & Domestic Attachment | MPOS - Writ of Possession |
| CCCP - Transfer from CCP* | MPRO - Writ of Prohibition |
| CCHA - Transfer from Chancery * | MROP - Petition for Return of Property |
| CCON - Condemnation | MSAM - Satisfy Mortgage |
| CDBT - Debt/Breach of Contract * | MSOJ - Compel Satisfaction of Judgment |
| CDEF - Defamation * | MTAX - Tax Ditches |
| CDEJ - Declaratory Judgment | MVAC - Vacate Public Road |
| CEJM - Ejectment * | MSEM - Set Aside Satisfaction of Mortgage |
| CFJG - Foreign Judgment * | MSSS - Set Aside Sheriff's Sale |
| CINT - Interpleader | MSEL - Sell Real Estate for Property Tax |
| CLIB - Libel * | MTOX - Hazardous Substance Cleanup |
| CMAL - Malpractice * | MCVP - Civil Penalty |
| CACT - Class Action | MREF - Tax Intercept |
| CPIA - Personal Injury Auto * | MGAR - Appointment of Guardianship |
| CPIN - Personal Injury * | MFOR - Intercept of Forfeited Money |
| CPRD - Property Damage * | MSET - Structured Settlement |
| CPRL - Products Liability * | |
| CRPV - Replevin | **MORTGAGES** |
| CSBI - Silicone Breast Implant | MORT - Mortgage |
| CTAX - Tax Appeal | |
| CFRD - Fraud Enforcement | **MECHANICS LIENS** |
| CSPD - Summary Proceedings Dispute | LIEN - Mechanics Lien * |
| **INVOLUNTARY COMMITMENTS** | |
| INVC - Involuntary Commitment | **OTHER** |
| | OTHR - Specify Type |

\* Case types subject to Arbitration Rule 16.1

### DUTY OF THE PLAINTIFF
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the complaint.

### DUTY OF THE DEFENDANT
Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

Revised 8.21.03

1/26/06

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

FILED
PROTHONOTARY
2006 JAN 18 PM 4:40

| | |
|---|---|
| SPINE CARE DELAWARE, LLC | ) |
| | ) |
| Plaintiff, | ) C.A. No. 06C-01-177 JEB |
| | ) |
| v. | ) NON-ARBITRATION |
| | ) TRIAL BY JURY DEMANDED |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### PRAECIPE FOR SUMMONS

TO: PROTHONOTARY, NEW CASTLE COUNTY SUPERIOR COURT
Superior Court
New Castle County Courthouse
500 King Street
Wilmington, DE 19801

PLEASE ISSUE WRIT COMMANDING the Sheriff of ~~New Castle~~ KENT County to serve the Summons and Complaint on Nationwide Mutual Insurance Company c/o the Delaware Insurance Commissioner, Delaware Department of Insurance, 841 Silver Lake Boulevard, Dover, DE 19904, in accordance with 18 Del. C. § § 524 and 525. A check made payable to the Delaware Insurance Commissioner in the amount of $25.00 is attached hereto representing the required fee.

MURPHY SPADARO & LANDON

*writ issued,*
*sh-kc, ck #21857, amt $30*
*ins.com, #21855, amt $25*

_____
John S. Spadaro
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8100
Attorneys for Plaintiffs

January 18, 2006

127728

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

FILED
PROTHONOTARY
2006 JAN 18 PM 4:40

| | |
|---|---|
| SPINE CARE DELAWARE, LLC ) | |
| ) | |
| Plaintiff, ) | C.A. No. 06C-01-177 JEB |
| ) | |
| v. ) | NON-ARBITRATION |
| ) | TRIAL BY JURY DEMANDED |
| NATIONWIDE MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff Spine Care Delaware, LLC, as assignee of certain patient-assignors, alleges as follows:

### Introduction: Nature of the Action

1. This is an action seeking recovery of compensatory damages, punitive damages and declaratory relief arising from defendant's breaches of insurance contracts, bad faith breaches of insurance contracts, violations of 6 Del. C. §2513, and otherwise wrongful refusal to honor its contractual obligations arising under certain policies of automobile insurance issued by that defendant, Nationwide Mutual Insurance Company ("Nationwide"), to the plaintiff's patient-assignors.

2. This action seeks, among other relief, a declaration that Nationwide must pay as Personal Injury Protection benefits under 21 Del. C. §2118 certain "facility fee" charges incurred in the course of plaintiff's rendition of medical services to its patient-assignors, all of whom are insured by Nationwide.

126897

## The Parties

3. Plaintiff Spine Care Delaware, LLC ("SCD") is a Delaware limited liability company whose principal place of business is located at 4102 Ogletown-Stanton Road, Newark, Delaware 19713. SCD is engaged in the practice of medicine, and renders medical treatment (including the use of spinal injections) to persons with orthopedic injuries. SCD often treats Delaware residents for injuries suffered in automobile collisions.

4. Defendant Nationwide Mutual Insurance Company is an Ohio corporation with offices at One Nationwide Plaza, Columbus, OH 43216. It is engaged in the business of insurance, and regularly sells automobile insurance within the State of Delaware.

## The PIP Statute and the Facility Fee

5. Under 21 Del. C. §2118, every owner of a motor vehicle registered in Delaware must maintain specified forms of insurance in specified minimum amounts. Among these is Personal Injury Protection (or "PIP") coverage, defined under the statute as "[c]ompensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident" for medical services, lost earnings and other expenses.

6. Because SCD often treats Delaware residents for injuries suffered in automobile collisions, it routinely renders treatment whose costs are covered under the PIP portion of Delaware auto insurance policies (including policies sold by Nationwide).

7. When medical facilities (including hospitals, medical centers and other patient care facilities) bill for the care they provide, they customarily include a charge for the use of the facility itself. That charge is known, in the jargon of health insurance, as a "facility fee" charge.

8. When SCD renders care to Delaware PIP claimants and other injured persons, it too charges a facility fee. Health insurers, including (on information and belief) easily recognizable

126897

names like BCBSD, Inc., Coventry Health, Principal Financial Group and Aetna USHealthcare, routinely cover SCD's facility fee charge. Delaware PIP insurers, including (on information and belief) Allstate Insurance Company, Liberty Mutual Fire Insurance Company, GEICO and others, likewise cover SCD's facility fee charge on PIP claims. Medicare, too, routinely reimburses SCD's facility fee charge.

## Nationwide's Wrongful Conduct

9. Nationwide routinely denies payment of PIP benefits with respect to SCD's facility fee charge. On information and belief, Nationwide's coverage denials with respect to SCD's facility fee charge have been made in connection with PIP claims tendered by or on behalf of hundreds of SCD's patients. Each such patient has assigned his or her rights to recover the facility fee charge to SCD.

10. Nationwide has withheld payment of PIP benefits for SCD's facility fee charges on the ostensible basis that the propriety of such charges is subject to an ongoing investigation by the Delaware Department of Insurance (the "Insurance Department investigation"). That investigation arose when Nationwide challenged the propriety of SCD's facility fee charges.

11. Nationwide's challenge to the propriety of SCD's facility fee charges is based on its contention that SCD lacks or may lack a necessary state license -- the license issued by the Delaware Department of Health and Social Services, under 16 Del. C. §122(3)(p)(3), to "freestanding surgical centers."

12. On information and belief, the Insurance Department investigation concluded years ago. Notwithstanding that fact, Nationwide continues to deny payment of PIP benefits for SCD's facility fee charges on the stated basis that it is still awaiting the investigation's conclusion.

13. In the course of investigating the propriety of SCD's facility fee charges, the Delaware Department of Insurance concluded that SCD is not a freestanding surgical center within the meaning of 16 Del. C. §122(3)(p)(3), and is therefore not subject to that provision's licensing requirement.

14. On or about April 25, 2003, the Delaware Department of Justice, writing on behalf of Delaware's state government and the Delaware Department of Insurance, concluded as followed:

> [I]t is clear that SCD is under no current legal obligation to be licensed as a free standing surgical center under 16 Del. C. Chapter 1.
>
> \*\*\*
>
> There is no legal bar to SCD's seeking reimbursement from insurers for professional services and/or facility fees.

15. In the wake of these pronouncements by Delaware regulatory officials, there can be no reasonable basis for Nationwide's continued assertion of its "lack of license" and "ongoing investigation" themes: the Insurance Department investigation is not ongoing, and the appropriate state officials have declared that SCD lacks no necessary license. Yet Nationwide continues to withhold payment for SCD's facility fee charges on the purported basis that an ongoing Insurance Department investigation might someday lead to a finding that SCD lacks a necessary license as a freestanding surgical center.

16. Nationwide's continued refusal to pay SCD's facility fee charges is thus knowingly dishonest and grossly unreasonable. It evinces a conscious indifference to the contractual rights of the many SCD patients with whom Nationwide has contracted to provide PIP coverage.

17. In addition to denying PIP coverage for SCD's facility fee charges without reasonable basis (and, indeed, on a basis that has been conclusively shown wrong), Nationwide has routinely

126897

4

ignored claims for facility fee charges for months at a time. Nationwide's failure to acknowledge and address these claims for such extended periods of time operates as a waiver of any right to deny PIP coverage for the affected charges.

### The Patient Assignments

18. SCD proceeds against Nationwide herein as assignee of certain Nationwide insureds who, during the relevant time period, assigned to SCD all rights available to them with respect to recovery of PIP benefits from Nationwide for medical services rendered by SCD. The claims for relief pled below are thus pled in connection with every such patient assignment. SCD will disclose evidence of those assignments in the course of discovery, and prove each such assignment at trial.

### COUNT I

### Declaratory Judgment

19. Plaintiff Spine Care Delaware, LLC repeats and incorporates by reference the allegations set forth in paragraphs 1 though 18 above.

20. Under Delaware law, and under the obligations imposed by Nationwide's respective insurance contracts with SCD's patient-assignors, Nationwide was required to pay covered claims for PIP benefits.

21. Under Delaware law, and under the obligations imposed by Nationwide's respective insurance contracts with SCD's patient-assignors, Nationwide was required to pay covered claims for PIP benefits with reasonable promptness.

22. Every facility fee charged by SCD in connection with PIP-related medical services rendered to Nationwide's insureds is, and at all times has been, a covered PIP claim.

23. Nationwide has failed to pay the facility fee charges referenced by this complaint.

24. Nationwide has failed to pay the facility fee charges referenced by this complaint with reasonable promptness.

25. Nationwide has failed to pay the facility fee charges referenced by this complaint within the (reasonable) time prescribed by 21 Del. C. §2118B.

26. An actual controversy of a justiciable nature exists between plaintiff Spine Care Delaware, LLC (on the one hand) and Nationwide (on the other), concerning the parties' rights and obligations under the subject Nationwide insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

27. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Breach of Contract

28. Plaintiff Spine Care Delaware, LLC repeats and incorporates by reference the allegations set forth in paragraphs 1 though 27 above.

29. Nationwide has breached the subject contracts of insurance by denying and delaying payment of covered claims for PIP benefits, and (more specifically) the facility fee charges referenced by this complaint.

30. As a direct result of Nationwide's breaches of the subject insurance contracts, SCD's patient-assignors have been deprived of the benefit of the insurance coverage for which premiums were paid under those contracts. As a further result of Nationwide's breaches of contract, SCD is entitled to payment by Nationwide of statutory interest under 21 Del. C. §2118B(c).

126897

## COUNT III

### Bad Faith Breach of Contract

31. Plaintiff Spine Care Delaware, LLC repeats and incorporates by reference the allegations set forth in paragraphs 1 though 30 above.

32. Nationwide's denial of payment for covered PIP benefits (and, more specifically, the facility fee charge referenced by this complaint) has been without reasonable justification.

33. Nationwide's denial of payment for covered PIP benefits (and, more specifically, the facility fee charge referenced by this complaint) has been knowingly dishonest.

34. Nationwide's delay in the payment of covered PIP benefits (and, more specifically, the facility fee charge referenced by this complaint) has been without reasonable justification.

35. Nationwide's delay in the payment of covered PIP benefits (and, more specifically, the facility fee charge referenced by this complaint) has been knowingly dishonest.

36. As a direct result of Nationwide's bad faith breaches of the subject insurance contracts, plaintiff Spine Care Delaware, LLC has suffered and will suffer injury (including injury derivative of its patient-assignors) as heretofore alleged.

## COUNT IV

### Consumer Fraud

37. Plaintiff Spine Care Delaware, LLC repeats and incorporates by reference the allegations set forth in paragraphs 1 though 36 above.

38. Nationwide's conduct, as alleged above, is in violation of 6 Del. C. §2513.

39. As a direct result of Nationwide's violations of 6 Del. C. §2513, plaintiff Spine Care Delaware, LLC has suffered and will suffer injury (including injury derivative of its patient-assignors) as heretofore alleged.

WHEREFORE, plaintiff Spine Care Delaware, LLC, as assignee of certain of its patient-assignors, respectfully requests that this Court enter judgment as follows:

a. Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts;

b. Awarding to plaintiff Spine Care Delaware, LLC compensatory damages, including incidental and consequential damages, for Nationwide's breaches of its insurance contracts;

c. Awarding to plaintiff Spine Care Delaware, LLC punitive damages for Nationwide's bad faith breaches of its insurance contracts;

d. Awarding to plaintiff Spine Care Delaware, LLC compensatory and punitive damages for Nationwide's violations of 6 Del. C. §2513;

e. Awarding to plaintiff Spine Care Delaware, LLC all costs of this action, all costs of the prosecution of this action, and its reasonable attorneys' fees, consistent with 21 Del. C. §2118B;

f. Awarding to plaintiff Spine Care Delaware, LLC all costs of this action; and

g. Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

MURPHY SPADARO & LANDON

John S. Spadaro
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302)472-8101

January 18, 2006

Attorneys for plaintiff Spine Care Delaware, LLC

126897

8



Matthew Denn
Insurance Commissioner

Department of Insurance
841 Silver Lake Blvd.
Dover, DE 19904-2465
(302) 674-7300
(302) 739-5280 fax

FEBRUARY 10, 2006

**VIA CERTIFIED MAIL (70050390000458807866)**
**RETURN RECEIPT REQUESTED**

CORPORATION TRUST COMPANY
NATIONWIDE MUTUAL INSURANCE COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DELAWARE 19801

RE: SPINE CARE DELAWARE, LLC VS NATIONWIDE MUTUAL INSURANCE COMPANY
   SUPERIOR COURT CA NO. 06C-01-177-JEB

Dear SIR OR MADAM:

Pursuant to 18 Del. C. § 525, the Delaware Insurance Commissioner was served with the enclosed legal process on FEBRUARY 9, 2006.

**Please do not send your response to the enclosed documentation to the Delaware Insurance Department. Instead, you should respond directly to the person or legal representative identified in the enclosed legal process.**

Sincerely,

*Donna M. Wysopal*

Donna M. Wysopal
Administrative Specialist III
Enclosure
cc: JOHN S. SPADARO, ESQ.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPINE CARE DELAWARE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

**I HEREBY SERVE NOTICE** on this 13th day of March, 2006, that I served two copies of Notice of Removal via hand delivery to the following:

John Spadaro, Esq.
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

*MORGAN SHELSBY & LEONI*

ROBERT J. LEONI
Rleoni@mslde.com
221 Main Street
Stanton, Delaware 19804
(302) 995-6210
Attorney for Defendant,
Nationwide Mutual Insurance Company

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Spine Core Delaware, LLC

**(b)** County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John S. Spadaro, Esq.
Murphy Spadaro + London
1011 Centre Rd.
Wilmington, DE
(302) 472-8100

### DEFENDANTS
Nationwide Mutual Ins. Co.

County of Residence of First Listed Defendant: State of Ohio
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Robert J. Leoni, Esq.
221 Main Street
Stanton, DE 19804 (302) 995-6210

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal pursuant to 28 U.S.C. § 1441(a)

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3-13-06
SIGNATURE OF ATTORNEY OF RECORD: [signature] Michael J. Logullo, Esq. for Robert J. Leoni, Esq.

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06___166_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

MAR 1 3 2006

_____    _____
(Date forms issued)              (Signature of Party or their Representative)

         Michael J. Logullo
        (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action